UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
(SOUTHERN DIVISION)

CHAMBERS OF
THE HONORABLE GINA L. SIMMS
UNITED STATES MAGISTRATE JUDGE
MDD_GLSchambers@mdd.uscourts.gov

6500 CHERRYWOOD LANE
GREENBELT, MARYLAND 20770
(301) 344-0627 PHONE
(301) 344-8434 FAX



December 9, 2020

Theodore A. Melanson, Esq.
Mignini, Raab & Demut, LLP
429 S. Main Street
Bel Air, MD 21014

Stacey W. Harris, Esq.
Special Assistant United States Attorney
Social Security Administration
6401 Security Blvd.
Baltimore, MD 21235

Subject: *Martha P. v. Saul*
Civil No. GLS 19-2472

Dear Counsel:

Pending before this Court are cross-Motions for Summary Judgment. (ECF Nos. 15, 16). The Court must uphold the decision of the Social Security Administration ("SSA") if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3) (2016); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). The substantial evidence rule "consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Craig*, 76 F.3d at 589. This Court shall not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment" for that of the SSA. *Id.* Upon review of the pleadings and the record, the Court finds that no hearing is necessary. Local Rule 105.6. For the reasons set forth below, I will deny the motions, reverse the Commissioner's decision, and remand the case back to the SSA for further consideration.

**I.     BACKGROUND**

Plaintiff filed a Title II Application for Disability Insurance Benefits on April 27, 2015, alleging that disability began on April 13, 2015. (Tr. 12-13, 194-97). This claim was initially denied on January 27, 2016, and upon reconsideration, denied again on September 21, 2016. (*Id.* at 12, 141-42). Plaintiff's request for a hearing was granted and the hearing was conducted on July 26, 2018, by an Administrative Law Judge ("ALJ"). (*Id.* at 9-28, 143-44). On October 5, 2018, the ALJ found that Plaintiff was not disabled under sections 216(i) and 223(d) of the Social Security Act. (*Id.* at 9-28). On June 5, 2019, the Appeals Council denied Plaintiff's request for review, and the ALJ's decision became the final and reviewable decision of the SSA. (*Id.* at 1-8).

## II.  ANALYSIS TO BE PERFORMED BY THE ADMINISTRATIVE LAW JUDGE

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). An individual is deemed to have a disability if their "physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work . . . which exists in significant numbers in the region where such individual lives or in several regions of the country." 42 U.S.C. § 423(d)(2)(A).

To determine whether a person has a disability, the ALJ engages in the five-step sequential evaluation process set forth in 20 C.F.R. §§ 415.1520(a)(4)(i)-(v); 416.920. *See e.g., Bowen v. Yuckert,* 482 U.S. 137, 140-42 (1987); *Mascio v. Colvin*, 780 F.3d 632, 634-35 (4th Cir. 2015). The steps used by the ALJ are as follows:  step one, assesses whether a claimant has engaged in substantial gainful activity since the alleged disability onset date; step two, determines whether a claimant's impairments meet the severity and durations requirements found in the regulations; step three, ascertains whether a claimant's medical impairment meets or equals an impairment listed in the regulations ("the Listings").  If the first three steps are not conclusive, the ALJ assesses the claimant's RFC, i.e., the most the claimant could do despite their limitations, through consideration of claimant's "'medically determinable impairments of which [the ALJ is] aware,' including those not labeled severe at step two." *Mascio*, 780 F.3d at 635 (quoting 20 C.F.R. § 416.945(a)). At step four, the ALJ analyzes whether a claimant could perform past work, given the limitations caused by her impairments; and at step five, the ALJ analyzes whether a claimant could perform any work.  At steps one through four, it is the claimant's burden to show that they are disabled. *See Monroe v. Colvin*, 826 F.3d 176, 179-80 (4th Cir. 2016).  If the ALJ's evaluation moves to step five, the burden then shifts to the SSA to prove that a claimant has the ability to perform work and therefore, is not disabled. *Id.* at 180.

Here, the ALJ found that Plaintiff suffered from the following severe impairments:  "right foot calcaneal spur and degenerative joint disease; bilateral knee degenerative joint disease; carpal tunnel syndrome status post release; and obesity." (Tr. 15).  Recognizing those severe impairments, the ALJ determined that Plaintiff had the RFC to:

> perform light work . . . except that she is further limited to: standing and/or walking for two hours in an 8-hour workday; frequently handling, fingering, and feeling with both upper extremities; occasionally climbing ramps and stairs, balancing, stooping, kneeling, crouching, and crawling; never climbing ladders, ropes, and scaffolds; and avoiding concentrated exposure to extreme cold, extreme heat, vibration and hazards like machinery and heights.

(Tr. 16-17).  At the hearing, a vocational expert ("VE") testified about whether a hypothetical

person with the same limitations as the Plaintiff could perform Plaintiff's prior work as a receptionist, file clerk, sales clerk, and floral associate. (Tr. 21, 46-48). The VE testified that a hypothetical individual with the same RFC as Plaintiff would be able to perform the Plaintiff's past work. (*Id.* at 46-48). The ALJ ultimately found Plaintiff was not disabled, because she is able to perform her past relevant work. (*Id.* at 21).

## III. DISCUSSION

On appeal to this Court, Plaintiff argues that the ALJ erroneously evaluated her mental impairments by failing to perform the special technique analysis, in accordance with the requirements of 20 C.F.R. § 404.1520a(b) ("the special technique regulation"). Specifically, Plaintiff argues that the ALJ erred by determining that there was no evidence in the record to support a diagnosis of depression, and by concluding that her depression was not a medically determinable mental impairment. Thus, the argument continues, it was improper for the ALJ not to apply the special technique regulations. (ECF No. 15-1, pp. 9-13; ECF No. 17, pp. 3, 6).

I find Plaintiff's argument persuasive. Accordingly, I find that remand is appropriate, for the reasons set forth below.

There is a special technique that the ALJ must follow when evaluating mental impairments. *See* 20 C.F.R. § 404.1520a. First, the ALJ is required to review the evidence to determine whether the claimant has a medically determinable impairment. *Id.* at § 404.1520a(b)(1). Second, if the ALJ finds that a mental impairment exists, then he "must specify the symptoms, signs, and laboratory findings that substantiate the presence of the impairment(s) and document [his] findings." *Patterson v. Comm'r, Soc. Sec. Admin.*, 846 F.3d 656, 659 (4th Cir. 2017) (quoting 20 C.F.R. § 404.1520a(b)(1)). Third, the ALJ must rate the degree of the claimant's functional limitation(s) in four broad areas, which are predicated on a claimant's ability to: "(1) understand, remember, or apply information; (2) interact with others; (3) concentrate, persist, or maintain pace; and (4) adopt or manage [herself.]" 20 C.F.R. § 404.1520a(c)(3). An ALJ is to rate each functional limitation using a five-point scale: none, mild, moderate, marked, and extreme. *Id.* A claimant's mental impairment(s) meet(s) or medically equal(s) "the Listing" if an impairment results in two "marked" functional limitations or one "extreme" limitation. *Id.* at § 404.1520a(c)(4). Finally, if an ALJ finds that a claimant has a severe mental impairment that neither meets nor is equivalent in severity to any Listing, then the ALJ must assess the claimant's residual functional capacity. *Patterson*, 846 F.3d at 659.

Furthermore, the special technique regulations make clear that an ALJ "is required to document his consideration of a claimant's mental impairments throughout his decision, whether severe, or nonsevere." *Alison S. v. Saul*, Case No. DLB 19-1000, 2020 WL 4057087, at *2 (D. Md. July 20, 2020). For the ALJ to satisfy his duty of explanation, the reviewing court need only be able to discern "what the ALJ did and why he did it." *Kozel v. Astrue*, Case No. JKS 10-2180, 2012 WL 2951554, at *3 (D. Md. July 18, 2012). In addition, if an ALJ fails to document how he applied the special technique, then remand is warranted. *Patterson*, 846 F.3d at 662.

*Martha P. v. Saul*
Civil No. GLS 19-2472
December 9, 2020
Page 4

In the instant case, the ALJ determined that Plaintiff's depression did not constitute a medically determinable impairment because there was no medical evidence in the record to support a diagnosis of depression. (Tr. 15). Specifically, the ALJ found that Plaintiff's "treatment records reveal[ed] no psychopathology and she ha[d] not received any mental health treatment." (*Id.*).

In support of her argument, Plaintiff refers to her treatment records, which she maintains evidence mental impairments and treatment. (ECF No. 15-1, pp. 10-11).

The SSA counters with two arguments. First, that the ALJ was not required to apply the special technique regulations because the evidence in the record supports a finding that Plaintiff's depression was not a medically determinable impairment. (ECF No. 16-1, p. 7). Second, that Plaintiff's PHQ-9 assessments reveal only a brief period of time during which Plaintiff was depressed and that Plaintiff's depression resolved in two months without medication. (ECF No. 16-1, pp. 8-9). The SSA cites this as evidence that Plaintiff's depression was neither an ongoing condition nor a condition that lasted, or was expected to last, for twelve months. (*Id.* at 9).

I find that the ALJ's failure to apply the special technique regulations requires remand because the ALJ offered no specific explanation as to which evidence he relied upon to find that Plaintiff's "treatment records reveal[ed] no psychopathology and [that] she ha[d] not received any mental health treatment." (Tr. 15). The ALJ's conclusion is squarely at odds with the record evidence. The record contains evidence that Plaintiff's physician documented that Plaintiff suffered from depression and referred Plaintiff to a social worker for behavioral therapy. (Tr. 537-38, 648, 651). Plaintiff completed two PHQ-9 assessments, which reflect that Plaintiff experienced moderate depression and mild depression, in July 18, 2016, and March 3, 2018, respectively. (Tr. 537, 620, 642, 651). Plaintiff's records also reflect that she informed her primary care physician that she was "feeling down, depressed, or hopeless, [sic] little interest in doing things." (Tr. 621). Following Plaintiff's first PHQ-9 assessment she was referred for behavioral therapy, which consisted of two visits to a social worker in July 2016 and August 2016. (Tr. 537-38,542, 640-41, 651). This Court cannot substitute its own analysis on appeal as to how the ALJ might, or might not, have considered this evidence. *See Allison S.*, 2020 WL 4057087, at *3. In addition, the SSA's contention that Plaintiff's PHQ-9 assessments are not themselves a diagnosis of depression misses the mark. A diagnosis of depression is not required to establish a medically determinable impairment under the regulations. *Allison S.*, 2020 WL 4057087, at *3 (citing 20 C.F.R. § 404.1521 ("We will not use . . . a diagnosis . . . to establish the existence of an impairment(s).")). The regulations only require "objective medical evidence from an acceptable medical source." 20 C.F.R. § 404.1521.

Similarly, the SSA's harmless error argument must fail because this Court cannot substitute its own analysis of the record evidence where the ALJ failed to do so in the first instance. *See Patterson*, 846 F.3d at 662 (explaining that "failure to properly document application of the special technique will rarely, if ever, be harmless because such a failure prevents, or at least substantially hinders, judicial review"). In *Patterson*, the Fourth Circuit declined to affirm the ALJ's evaluation of the claimant's mental impairment on harmless error grounds because the ALJ's decision did not explain how he weighed all the relevant evidence and the record contained "conflicting or

*Martha P. v. Saul*
Civil No. GLS 19-2472
December 9, 2020
Page 5

inconclusive evidence." *Id*. at 662 n.6. This is precisely what occurred here regarding Plaintiff's PHQ-9 assessments and behavioral treatment records. Remand is required. *Id.* at 662-63.

In sum, because the ALJ failed to specifically mention Plaintiff's PHQ-9 assessments and behavioral treatment records when finding that Plaintiff's "treatment records reveal[ed] no psychopathology and [that] she ha[d] not received any mental health treatment," his conclusion appears to be at odds with the evidence in the record. This Court cannot discern whether the ALJ did, in fact, disregard Plaintiff's PHQ-9 assessments and treatment records, or whether and why he afforded this evidence so little weight. Accordingly, remand is required. *See Allison S.*, 2020 WL 4057087, at *3 (remanding where ALJ offered no explanation for disregarding Plaintiff's mental impairments when the ALJ should have evaluated them with the special technique but failed to do so entirely).

For the reasons set forth above, Plaintiff's Motion for Summary Judgment, (ECF No. 15), is DENIED and Defendant's Motion for Summary Judgment, (ECF No. 16), is DENIED. The case is REMANDED for further proceedings in accordance with this opinion. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Sincerely,

/s/
The Honorable Gina L. Simms
United States Magistrate Judge